IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DANA R. HEAVEN**, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:08-CV-1872-L** |
| § | |
| **CHASE HOME FINANCE LLC**, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (i) Defendant Chase Home Finance LLC's Motion for Summary Judgment, filed April 10, 2009; and (ii) Plaintiff Dana R. Heaven's Request for Dismissal of Civil Action No. 3:08-CV-1872-L Without Prejudice, filed May 8, 2009. Dana R. Heaven ("Plaintiff" or "Heaven") filed no response to the defendant's motion for summary judgment. After careful consideration of the motions, briefs, responses, replies, appendices, competent summary judgment evidence, record, and applicable law, the court **grants** Defendant Chase Home Finance LLC's Motion for Summary Judgment and **denies** Plaintiff Dana R. Heaven's Request for Dismissal of Civil Action No. 3:08-CV-1872-L Without Prejudice.

### I. Background

Heaven, representing herself *pro se*, originally filed this action on October 6, 2008, against Chase Home Finance LLC ("CHF") in the 193rd Judicial District Court, Dallas County, Texas. CHF removed this action to federal court on October 20, 2008, on grounds that diversity of citizenship existed between the parties and that the amount in controversy exceeded $75,000, exclusive of interest and costs. CHF further supported its removal on the grounds that Heaven posed a federal

**Memorandum Opinion and Order- Page 1**

question in her original petition, alleging that CHF had violated federal statutes 12 U.S.C. §§ 1709, 1715 and 24 C.F.R. § 203.600.

On January 8, 2009, the court ordered the parties to participate in mediation. The parties complied with the order and visited a mediator in early April 2009, but they were unable to reach a settlement. CHF then filed its motion for summary judgment on April 10, 2009, and Heaven did not file a response. Heaven did, however, file her own voluntary motion for dismissal of the case without prejudice on May 8, 2009. CHF opposes Heaven's voluntary motion to dismiss without prejudice, instead urging the court to either grant its motion for summary judgment, or alternatively dismiss this action with prejudice.

This case arises out of a mortgage loan, upon which Heaven later defaulted. CHF was the mortgage servicer on Heaven's mortgage, which encompassed a promissory note and a deed of trust. In her petition, Heaven alleges that CHF engaged in "negligent courses of action" and "bre[a]ches of contract." Pl.'s Compl. ¶ 7. She further alleges that CHF failed to properly notify her of the alleged default on the promissory note and deed of trust and that CHF violated its "statutory Duty of Confidentiality." *Id.* She contends that CHF's conduct violated the Texas Debt Collection Act; Section 51 of the Texas Property Code; 12 U.S.C. §§ 1709 and 1715; and 24 C.F.R. § 203.600. *Id.* ¶¶ 12-15.

CHF, in its motion for summary judgment, contends that all of Heaven's claims against it fail because: (1) Plaintiff voluntarily waived any and all claims arising out of her transaction with CHF when she signed a loan modification agreement; and (2) not one of Plaintiff's allegations is supported by enough alleged facts in her petition to support claims upon which relief could be granted.

**Memorandum Opinion and Order- Page 2**

## II. Summary Judgment Standard When No Response Is Filed

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Ragas*, 136 F.3d at 458. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*,

136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

Heaven filed no response to CHF's motion for summary judgment. This failure, of course, does not permit a court to enter a "default" summary judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). When no response is filed, such failure does permit the court to accept as undisputed the evidence set forth in support of a movant's motion for summary judgment. *Id.* Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Plaintiff's pleadings are not verified and, therefore, she has presented no summary judgment evidence to dispute CHF's version of the facts.

### III.   Undisputed Facts

Heaven executed a promissory note on September 14, 2005. Def.'s App. Ex. 2-A at 13-14. Concurrently with the note, Heaven (along with her husband) also executed a deed of trust, encumbering her residence in Mesquite, Texas, to secure payment of the note. *Id.* Ex. 2-B at 15-24.

CHF was Heaven's mortgage servicer on the promissory note and the deed of trust. *Id.* Ex. 2 at 12. Heaven later defaulted on the promissory note as well as on her obligations pursuant to the deed of trust. *Id.* Thereafter, on February 9, 2008, CHF sent her a notice of default and intent-to-accelerate letter by certified mail. *Id.* Ex. 2-C at 25-26.

CHF and Heaven ultimately negotiated a loan modification agreement, executed on April 17, 2008, to prevent foreclosure on her Mesquite property. *Id.* Ex. 2-D at 27-36. This agreement resolved Heaven's delinquency on the loan by recapitalizing and adding deferred fees, interest, and other charges to the principal balance of the promissory note. *Id.* at 28-29. Among its other provisions, as consideration for CHF's willingness to restructure Heaven's debt, the agreement also contained a release of any and all claims, demands, or causes of action related to or arising out of the loan. *Id.* at 29. Heaven filed this lawsuit against CHF on October 6, 2008, less than six months after signing the loan modification agreement.

## IV.   Analysis

The court first notes that Heaven is a *pro se* plaintiff in this action and will thus liberally construe all of her claims and filings where it is appropriate to do so. Notwithstanding that Heaven represents herself *pro se*, the court expects her to possess an understanding that the Local Civil Rules impose filing deadlines, and that consequences accompany a failure to meet such deadlines where good cause is not shown for the delay.

### A.   The Loan Modification Agreement's Release of Claims

As previously stated, Heaven filed no response to CHF's motion for summary judgment. When no response is filed, the court is permitted to accept as undisputed the facts and evidence in support of a movant's summary judgment motion. *Eversley v. MBank*, 843 F.2d at 174.

**Memorandum Opinion and Order- Page 5**

Accordingly, the court has relied on the undisputed facts presented by CHF. The evidence establishes that Heaven signed a loan modification agreement to restructure her debt after defaulting on the original loan. The loan modification agreement included a release of all Plaintiff's claims against CHF arising out of the loan in exchange for CHF's willingness to cure Heaven's delinquency on the debt owed.

There is no evidence that Heaven and CHF ever interacted in a setting unrelated to the loan. It follows then that all allegations in Heaven's complaint pertained in some capacity to her loan transactions with CHF. Therefore, every allegation in Heaven's petition falls within the contemplation of the modification agreement's release of claims. The court sees no reason why the release should not attach to Plaintiff's claims against CHF, thereby barring them, unless the modification agreement's release provision is unenforceable.

Although Heaven does not contend that the release of claims provision is unenforceable, the court will nevertheless consider the clause's enforceability because Heaven is a *pro se* plaintiff. The court would conclude that the release is unenforceable if the modification agreement qualifies as an adhesion contract, or if the release provision itself is unconscionable.

### 1. Adhesion

Under Texas law, an "adhesion contract" is a contract in which one party has absolutely no bargaining power or ability to change the contract terms. *Service Corp. Int'l v. Lopez*, 162 S.W.3d 801, 809 (Tex. App.–Corpus Christi 2005, no pet.). It is a standardized contract form for consumer goods and services that are offered on a "take it or leave it" basis, without affording the consumer a realistic opportunity to bargain, and under such conditions that the consumer cannot obtain the

desired product or services except by acquiescing. *Dillee v. Sisters of Charity of Incarnate Word*, 912 S.W.2d 307, 309 n.4 (Tex. App.–Houston [14th Dist.] 1995, no writ).

In this case, the undisputed facts indicate that the modification agreement was not "take it or leave it" as to acquiring the loan. Heaven had already received the loan irrespective of the modification agreement. She had no obligation to sign the modification agreement if she wished to maintain the original terms of her loan.

The evidence shows that CHF sent Heaven a notice of default on February 9, 2008, and that the modification agreement was officially signed on April 17, 2008. This allowed over two months for negotiation between the parties. Heaven desired to cure her delinquency, and CHF desired to insulate itself from potential legal woes. The parties manifested their respective interests in the contract as a bargained-for exchange. The modification agreement was not an adhesion contract.

### 2. Unconscionability

In Texas, proof of unconscionability begins with two broad questions: (1) the procedural aspect, namely, how the parties arrived at the terms in controversy; and (2) the substantive aspect, that is, the legitimate commercial reasons justifying the inclusion of the terms. *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 498-99 (Gonzalez, J., concurring) (Tex. 1991). The first question is concerned with assent and focuses on the facts surrounding the bargaining process. *Id.* at 499. The second question is concerned with the fairness of the resulting agreement. *Id.* The grounds for substantive abuse must be sufficiently shocking or gross to compel the court to intercede, and the same is true for procedural abuse--the circumstances surrounding the negotiations must be shocking. *Ski River Dev., Inc. v. McCalla*, 167 S.W.3d 121, 129 (Tex. App.--Waco 2005, pet. denied).

**Memorandum Opinion and Order- Page 7**

In this case, the parties arrived at the modification agreement after negotiating a solution to cure Heaven's delinquent debt. The terms of the modification, including the release of claims, were not forced onto Heaven as part of the original loan. In light of the nature of the negotiations, the negotiations themselves were not shocking, and the resulting agreement was not patently unfair. Heaven realized that she was in arrearage and was willing to compromise with CHF to avoid foreclosure of her property. To secure this end, she released any legal claims she may have had against CHF arising out of the loan. The clause is not unconscionable.

### B.     The Modification Agreement Bars Heaven's Claims Against CHF

The court accordingly determines that the release of claims provision of the modification agreement is enforceable. The release therefore attaches to the claims that Heaven alleges against CHF in her petition, barring them. Because the court determines that Heaven's claims are barred, the court need not consider CHF's contention that Heaven alleges an insufficient factual basis for her claims against CHF. Even if the court were to determine that Heaven had alleged a sufficient factual basis after liberal construction, the court would still determine that the release barred her claims. The court therefore finds that no genuine issue of material fact exists, and CHF is entitled to judgment as a matter of law.

### V.     Plaintiff's Motion to Dismiss Without Prejudice

Heaven asks the court to grant her voluntary motion to dismiss this case without prejudice. Once a summary judgment motion has been filed, an action can be "dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The court has determined that CHF's motion for summary judgment has merit. As Heaven did not respond to CHF's motion, and instead filed her own motion for voluntary dismissal after the

response period had elapsed, it would not be fair or proper for the court to entertain a dilatory tactic that would avoid dismissal by summary judgment. Further, Heaven does not offer any explanation as to her late filing and has not shown good cause for dismissal without prejudice. Accordingly, her motion to dismiss this action without prejudice is denied.

## VI.   Conclusion

For the reasons herein stated, there is no genuine issue of material fact for the trier of fact to consider with respect to any of Plaintiff's claims. It is undisputed that Heaven released all of her claims arising out of the loan before she filed suit against CHF. All of Heaven's claims against CHF arise out of her loan, and are therefore barred. Accordingly, CHF is entitled to judgment as a matter of law, and the court **grants** Defendant Chase Home Finance LLC's Motion for Summary Judgment and **dismisses with prejudice** all claims against it. The court also **denies** Plaintiff Dana R. Heaven's Request for Dismissal of Civil Action No. 3:08-CV-1872-L Without Prejudice. As required by Rule 58 of the Federal Rules of Civil Procedure, the court will issue judgment in favor of CHF by separate document.

**It is so ordered** this 30th day of September, 2009.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge